UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60674-CIV-COHN/SELTZER

PABLO PIECORA,

    Plaintiff,

v.

J.J. CUSTOM PAINTING & INTERIOR
DESIGN, INC., JOSE IGLESIAS, and JUAN
PEDRO QUIROZ,

    Defendants.
_____/

**ORDER DENYING MOTIONS FOR
RECONSIDERATION AND TO SET ASIDE DEFAULT**

**THIS CAUSE** is before the Court upon Defendants' Motion for Reconsideration and to Permit Late Filing [DE 23] and Defendants' Renewed Sworn Motion to Set Aside Default [DE 24]. The Court has reviewed the Motions and the record in this case, and is otherwise advised in the premises.

Plaintiff commenced this action on April 2, 2015, with the filing of his Complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and 26 U.S.C. § 7434. See generally DE 1. Plaintiff served the last Defendant with the Summons and Complaint on April 11, 2015. DE 8. Defendants failed to respond to the Complaint, and a Clerk's Default was entered against each of them. See DE 11–12, 14. Plaintiff thus filed a motion seeking a default judgment on May 6, 2015. DE 15.

On May 12, 2015, counsel for Defendants entered an appearance and requested that the Court set aside the defaults against them. As a basis for excusing their defaults,

Defendants represented that they had difficulty retaining affordable counsel in time to respond to Plaintiff's allegations. DE 16.

Plaintiff opposed Defendants' request to set aside the defaults. See DE 18. On July 9, 2015, the Court sustained Plaintiff's objections to Defendants' request to set aside the defaults, finding that Defendants failed to demonstrate good cause for the relief they sought. DE 19. The Court nevertheless allowed Defendants to renew their request to set aside the defaults—with additional support—no later than July 16, 2015. Id.

Defendants did not file a renewed request to set aside the defaults by the Court-ordered deadline. Accordingly, on the morning of July 21, 2015, the Court granted Plaintiff's motion for default judgment, and entered a default final judgment against defendants. DE 21 & 22.

Later in the day on July 21, Defendants filed the two motions now before the Court. In Defendants' Motion for Reconsideration and to Permit Late Filing, defense counsel represents that technical issues with their firm's servers resulted in a failure to receive an electronic notice from the Court's CM/ECF system relating to the Court's July 9, 2015, order.[1] Defense counsel therefore was apparently unaware of the Court's denial of Defendants' prior request to set aside the defaults, or that Defendants were allowed another opportunity to supplement their request to lift the defaults by July 16, 2015. DE 23 at 2–3.

---

[1] The Court notes Plaintiff's well-founded skepticism of this representation, as the Court's CM/ECF records reflect that an automatically generated notice of electronic filing arising from the July 9, 2015, order was sent to three separate e-mail addresses for defense counsel, including one apparently personal e-mail account at gmail.com.

2

Defendants now ask the Court to vacate the judgment against them, and to consider their separately filed Renewed Sworn Motion to Set Aside Default on its merits. Rule 60(b) of the Federal Rules of Civil Procedure provides the standard for vacatur of a default judgment. <u>Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.</u>, 740 F.2d 1499, 1507 (11th Cir. 1984). Under Rule 60(b), a court may relieve a party from a judgment if that party establishes: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Though Defendants do not explicitly state which subsection of Rule 60(b) would merit vacatur of the default judgment in this case, their arguments relating to counsel's failure to receive e-mails suggest that they invoke excusable neglect under Rule 60(b)(1). To establish excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003) (internal quotation marks omitted). Defendants' motion fails on the first element: Defendants do not discuss any defense they might have to Plaintiff's suit, let alone a meritorious one. Defendants therefore have not demonstrated that the default judgment against them should be vacated. It is accordingly

**ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration and to Permit Late Filing [DE 23] and Defendants' Renewed Sworn Motion to Set Aside Default [DE 24] are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of July, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF